UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PNC BANK NATIONAL ASSOCIATION,
successor to RBC Bank (USA)

      Plaintiff,

v.                                  Case No:   2:14-cv-51-FtM-38

WATERFORD TOWN SQUARE,
LLC, LYNNE W. WASHBURN,
PATRICK FLAHARTY and JOHN P.
ARNOLD, JR.,

      Defendants.
_____/

**<u>ORDER</u>**[1]

    This matter comes before the Court on Verified Complaint to Foreclose Mortgage and for Other Relief (Doc. #1) filed on January 28, 2014. A federal court is powerless to act without proper subject matter jurisdiction. Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Id. (citing Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)).

    The Complaint states this Court has subject matter jurisdiction of this case pursuant to diversity jurisdiction. (Doc. #1, ¶13 (citing 28 U.S.C. § 1332)). Diversity jurisdiction requires complete diversity of citizenship and that the matter in controversy

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). In an action filed directly in federal court, a plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction. King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007).

Here the Complaint does not properly allege the citizenship of the members of Defendant Waterford Town Square, LLC. A limited liability company (hereinafter "LLC") is a citizen of every state in which one of its members is located. Moreno v. Breitburn Florida, LLC, No. 2:09-cv-566-FtM-29DNF, 2011 WL 2293124 at *1 (M.D. Fla. June 9, 2011) (citing Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC., 374 F.3d 1020 (11th Cir. 2004)). Each member of the LLC must be diverse from the plaintiff in this case. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005) ("Since Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435, this Court has read the statutory formulation 'between … citizens of different States,' 28 U.S.C. § 1332(a)(1), to require complete diversity between all plaintiffs and all defendants."). Yet here the Complaint fails to properly indicate the citizenship of the members of Defendant Waterford Town Center, LLC. Instead, the Complaint only indicates where these individuals reside rather than where these individuals are domiciled. (See Doc. #1, ¶¶7-9). In federal court, the domicile rather than the residency of an individual is what is vital in diversity cases. The domicile is the place of an individual's true, fixed, and permanent home and to which he has the intention of returning whenever he is absent therefrom. See e.g, Arrol v. Heron, No. 2:10-cv-655-FtM-29DNF, 2011 WL 672417 at *1 (M.D. Fla. Feb. 17, 2011). Accordingly, stating an individual's residency is not enough to establish citizenship in the context of diversity jurisdiction.

3

Consequently, the Complaint fails to establish the Court's subject matter jurisdiction pursuant to diversity jurisdiction. 28 U.S.C. § 1332. In order to maintain this case in this Court, the plaintiff must allege the domicile of the individuals and establish that each defendant is diverse from the plaintiff. Moreno, 2011 WL 2293124, at *1. Failure to comply with this Order may result in the case being dismissed without further notice for failure to allege the Court's subject matter jurisdiction.

Accordingly, it is now

**ORDERED:**

Verified Complaint to Foreclose Mortgage and for Other Relief (Doc. #1) is **DISMISSED without prejudice**. Plaintiff shall file an amended complaint that properly alleges the Court's subject matter jurisdiction no later than **February 25, 2014**.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of February, 2014.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record